UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT LARSEN,**

        **Plaintiff,**

v.                                                                                          Case No:   6:21-cv-423-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION[1]

Robert Larsen ("Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for disability, disability insurance benefits, and supplemental security income filed on September 27, 2018. Doc. No. 8; R. 15. Claimant alleges a disability onset date of March 30, 2018. R. 15. Claimant argues that the Administrative Law Judge ("ALJ") insufficiently considered his credibility and subjective complaints. Doc. No. 33 at 14-19. Because Claimant did not demonstrate reversible error by the ALJ, the final decision of the Commissioner is **AFFIRMED.**

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

## I. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original)); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d

1233, 1239 (11th Cir. 1983).

## II.  ANALYSIS.

The ALJ reviewed Claimant's allegations in his decision:

> In a disability report from November 19, 2018, the claimant alleged an inability to work due to arthritis in his spine, suicide attempts, mental health issues, "broken lower back", and lower right bundle branch blockage. He listed his height and 5'11" and his weight as 238 pounds. The claimant reported last working on March 30, 2018, noting he ceased working due to the elimination of his position. In a pain questionnaire completed on December 11, 2018, the claimant alleged experiencing back pain every [two to three weeks]. He wrote bending and lifting objects could exacerbate his pain. He denied taking any type of medication for pain relief. He reported difficulties in performing some of his activities of daily living.
>
> In a function report completed on December 10, 2018, the claimant wrote he lived in his mother's house. He alleged limitations in his ability to bend, lift heavy objects, and complete tasks. The claimant reported the ability to prepare simple meals and do some light household chores. He could drive, go out alone, and shop in stores. He denied problems in attending to his personal hygiene needs. He wrote he was able to count change, pay bills, and manage his personal finances. He denied any problems in getting along with family, friends, neighbors, or others. The claimant noted the ability to maintain attention for one-to-two hours, and denied significant difficulties following instructions, handling stress, or handling changes in routine. He also denied problems interacting with authority figures or others.
>
> . . . .
>
> At the hearing, the claimant testified to being fifty-eight years old, having a high school education, and living in a house with his mother. He listed his height as 5'11" and his weight as 266 pounds. He denied working since the alleged onset date. The claimant stated he lost his job in March of 2018 due to his employer eliminating his position. He reported

> having a driver's license and driving approximately once a week. He listed back pain and arthritis as the main reason he could not work today. He testified to previously receiving medical care for his back, but stated he stopped due to financial difficulties and lack of insurance. The claimant described the previous treatment as helpful. He denied currently taking any medications for his back. The claimant also alleged an inability to work due to his mental health condition, including bipolar disorder. He reported several weeks of hospitalization due to depression and other symptoms related to his mental health condition. The claimant stated losing his job exacerbated his symptoms. He currently took medications, which he described as somewhat helpful in controlling symptoms, although he continued to experience significant depression.
>
> The claimant described his blood pressure as under control with medication, and [he] denied using a CPAP for sleep apnea. He reported experiencing daily back pain, and [he] estimated being able to sit for six or seven [hours], stand for at least an hour, walk for about five minutes, and lift/carry a gallon of milk. He alleged some fatigue as the result of medication side effects. He testified to problems with his memory and the need for reminders to take his medications, but [he] reported the ability to follow the story line of a television show and understand information such as recipes and directions. He denied issues in getting along with others. The claimant stated he could prepare simple meals, go to the grocery store, and perform some light household chores.

R. at 21-22 (citations omitted) (citing R. 250-60, 279-89); *see* R. 44-68.

The ALJ found that "the medical evidence of record does not support the alleged severity of the claimant's impairments." R. 22. "Based on a thorough evaluation of all the medical evidence and hearing testimony offered by the claimant, the undersigned finds the medical records indicate the claimant suffers from severe medical disorders that fail to result in disabling limitations." R. 22-23.

The ALJ thus stated:

> After careful consideration of the evidence, the undersigned finds the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

R. 28.

Claimant argues that the ALJ's consideration of his credibility and subjective complaints was not sufficient. Doc. No. 33 at 14-19. Claimant contends that the ALJ's "credibility determination is . . . nothing more than boiler plate type language commonly found in Social Security decisions." *Id.* at 16 (citing *Pate v. Comm'r of Soc. Sec.*, No. 6:14-cv-1493-GJK, 2016 WL 455443, at *4 (M.D. Fla. Feb. 5, 2016)). Claimant maintains that the ALJ "does not offer any specific reasons for undermining [Claimant's] testimony" and that, therefore, the Court cannot conduct a meaningful review of the ALJ's credibility determination. *Id.* at 16-17. In short, Claimant argues that the ALJ's failure to provide explicit reasons to discount his credibility constitutes legal error. *Id.* at 17-19. In response, the Commissioner argues that the ALJ properly evaluated Claimant's subjective complaints under the regulations and Eleventh Circuit case law. *Id.* at 19-29.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish

disability through subjective symptoms. By this standard, there must be (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or (3) evidence that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986) (per curiam)). The ALJ must consider "all of the record, including the objective medical evidence, the claimant's history, and statements of the claimant and her doctors." *Costigan v. Comm'r, Soc. Sec. Admin.*, 603 F. App'x 783, 786 (11th Cir. 2015) (per curiam) (citing 20 C.F.R. § 404.1529(c)(1)-(2)). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam) (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984) (per curiam)). If an ALJ discredits the subjective testimony of a claimant, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam) (citation omitted). The Court "will not disturb a clearly articulated credibility finding supported by substantial evidence." *Mitchell v. Comm'r, Soc. Sec.*

*Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citing *Foote*, 67 F.3d at 1562).

In evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the effectiveness and side effects of any medications; and (5) treatment or other measures taken by the claimant to alleviate symptoms. *Sarli v. Berryhill*, 817 F. App'x 916, 918 (11th Cir. 2020) (per curiam) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). "The ALJ is to consider these factors in light of the other evidence in the record." *Id.* (citing §§ 404.1529(c)(4), 416.929(c)(4)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223.

Here, the ALJ summarized Claimant's allegations regarding (1) his conditions; (2) the limitations from his conditions; (3) the side effects from his medications; (4) his pain; and (5) his hearing testimony. R. 21-22 (citing R. 250-60, 279-89). The ALJ then contrasted this testimony with evidence consisting of (1) insignificant to moderate abnormalities shown on examinations, including benign physical findings; (2) conservative treatment, including over-the-counter ibuprofen; and (3) Claimant's activities. R. 23-29. After considering Claimant's subjective symptoms and the medical evidence, the ALJ made a determination, supported by substantial evidence, that Claimant could perform medium work

with some limitations. R 21-29. Thus, contrary to Claimant's argument that the ALJ failed to provide accurate and explicit reasons for discounting his subjective symptom allegations (Doc No. 33 at 17), the ALJ provided specific examples of inconsistencies between Claimant's allegations and the other evidence in the record. *See Rodriguez v. Comm'r of Soc. Sec.*, No. 6:20-CV-1674-MRM, 2022 WL 807443, at *9 (M.D. Fla. Mar. 17, 2022).

Claimant contends, however, that, when analyzing his mental impairments, the ALJ focused on evidence of his feeling well while ignoring evidence of the times when he was not. Doc. No. 33 at 17. Indeed, "people with chronic diseases can experience good and bad days." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1267 (11th Cir. 2019) (per curiam). But "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," so long as the ALJ's decision is not a broad rejection that is not enough to enable the Court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam).

Claimant's argument that the ALJ erred in relying on his daily living activities to discount his subjective allegations (Doc. No. 33 at 18-19) is also unavailing. *See Lynn v. Comm'r of Soc. Sec.*, 791 F. App'x 888, 889 (11th Cir. 2020) (per curiam) (determining that substantial evidence supported ALJ's finding that claimant's subjective complaints were inconsistent with objective medical

evidence and other aspects of claimant's testimony, including her activities of operating a motor vehicle, preparing meals, performing household chores, doing laundry, and grooming herself); *Moore v. Barnhart*, 405 F.3d 1208. 1212 (11th Cir. 2005) (per curiam) (upholding ALJ's credibility determination, which relied on inconsistencies between claimant's "descriptions of her diverse daily activities and her claims of infirmity"). Claimant finally points out that an ALJ "cannot discredit testimony as to the intensity or persistence of pain and fatigue *solely* based on the lack of objective medical evidence." *Manzo v. Comm'r of Soc. Sec.*, 408 F. App'x 265, 268 (11th Cir. 2011) (per curiam) (emphasis added). The ALJ here did not, however, discount Claimant's subjective complaints solely on the basis of a lack of objective medical evidence, but rather also considered other evidence in doing so (R. 28-29), so Claimant's argument on this point is also without merit.

Again, even if the Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *See MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Because substantial evidence supports the decision of the ALJ, who applied the correct legal standards in this case, the Court affirms the Commissioner's final decision.

**III.   CONCLUSION.**

From the record, it is apparent that Claimant suffers from various conditions that negatively affect his enjoyment of life and, to some degree, his daily activities. The presence of Claimant's adverse circumstances, however, is not the issue before the Court. Rather, the issue is whether, under the standards applicable to review of ALJ decisions applying the provisions of the social security statutes and regulations, there has been reversible error.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and
2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on June 9, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794

Roger B. Handberg
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.

Suite 3200
Tampa, FL 33602

John C. Stoner, Acting Regional Chief Counsel
Nadine Elder, Branch Chief
Beverly E. Williams
Shannon K. Fishel, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Bernard Porter
Administrative Law Judge
Office of Hearing Operations
Building 400, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224